Gaston, Judge,
 

 having stated the case as above, proceeded as follows: The first exception is, for that the master hath allowed to Philips the sum of $500 annually, for his personal services to the firm. The master states that there was no evidence before him of any special agreement between the partners that Philips should receive a compensation for the care and management of the joint property ; but that this allowance appeared to him proper, inasmuch as the business of the firm was almost exclusively under the personal superintendence of Philips. We take the rule to be
 
 *125
 
 perfectly established, that without a special agreement, partners are not entitled to charge each other for such services. The only exception that we are aware of, if indeed it can be called an exception, is where a partner is appointed an agent for a
 
 special purpose,
 
 in which case he may be enti-tied as against the firm to the usual compensation in relation to the subject of such agency. It is not unusual for partnership associations to be formed upon .the very basis that one is to contribute his credit and the other his- personal services to the success of the undertaking. This .exception is allowed.
 

 An ac-ble to the ofa part-'’ nershlP-
 

 The second exception is, for that the master hath credited Philips in account with the firm for $900 advanced by him as stock at the commencement of the copartnership, without any evidence of such advance except the statement in the partnership books, which is Hot shbwn to have been known unto Turner. This exception is disallowed. The entries in the books of a firm are
 
 -prima- facie
 
 evidence as between the partners. Knowledge of them is presumed, and evidence is required to rebut such presumption.
 

 All the other exceptions relate to profits alleged to have been made by the concern. We can neither allow nor overrule them, for the master hath not returned any account of profit and loss. Such an account is indispensable to the settlement of the partnership. The report therefore must be re-committed for this purpose. Being thus re-committed, the commissioner will also carry on the account of the trustee so as to embrace any further collections and payments that may have been made since the account now rendered thereof, and will proceed to execute the decretal order in' every respect in which the report now re-committed is imperfect.
 

 •The report is re-committed to Edmund B. Freeman, with full power to examine witnesses, to command the production of books and papers, and to examine the parties on interrogatories. The parties also may take testimony to be used on this reference by commissions in the usual way.
 

 Per Curiam. Decree accordingly.